IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAUREN SAXON and CHARLES SAXON,  )
                                  )
            Plaintiffs,           )
                                  )
v.                                )          Case No. CIV-24-00714-JD
                                  )
SAFECO INSURANCE COMPANY OF       )
AMERICA, et al.,                  )
                                  )
            Defendants.           )

**ORDER**

Before the Court is Defendants Liberty Mutual Insurance Company ("Liberty")

and Safeco Insurance Company's ("Safeco") Motion for Summary Judgment ("Motion").

[Doc. No. 33]. Plaintiffs Lauren Saxon and Charles Saxon (collectively "Plaintiffs") filed

a Response. [Doc. No. 50]. For the reasons outlined below, the Court grants the Motion.

**I.      MATERIAL UNDISPUTED FACTS**

This case relates to a claim for property damage made by Plaintiffs under their

homeowners insurance policy ("the Policy"). [Doc. No. 33 ¶ 1; Doc. No. 50 ¶ 1].

**II.     BACKGROUND**

Liberty and Safeco assert that Defendant American Economy Insurance Company

("AEIC") issued the Policy, thus arguing it is a contract between Plaintiffs and AEIC.

[Doc. No. 33 ¶ 2]. Plaintiffs, however, assert that all Defendants issued the Policy. [Doc.

No. 50 at 6, ¶ 1]. In support of this argument, Plaintiffs cite several references by the

Policy to Liberty and Safeco, interactions Plaintiffs had with Liberty and Safeco

representatives throughout the claim-handling process, and the relationship between Liberty, Safeco, and AEIC. [*Id.* at 6–10, ¶¶ 2–15].

Plaintiffs initiated this lawsuit in the District Court of Oklahoma County, asserting claims for breach of contract and breach of the duty of good faith and fair dealing against Defendants. [Doc. No. 1-1 ¶¶ 31–44]. AEIC removed the case to this Court, based upon diversity jurisdiction. [Doc. No. 1]. Although Plaintiffs claim that all Defendants issued the Policy, Plaintiffs' claims against Liberty and Safeco rely upon theories of alter ego liability. [Doc. No. 50 ¶ 1 ("All Carrier Defendants issued the Policy . . . ."); *id.* at 12[1] ("Material facts establish that Defendants Liberty Mutual and Safeco are liable to Plaintiffs under alter-ego liability and/or their special relationship to the Plaintiffs."); Doc. No. 1-1 ¶ 2 ("American Economy and Safeco are simply instrumentalities of Liberty Mutual. As a result, the separation between these entities may be disregarded and treated as one for the purpose of breach of contract and bad faith.")].

Liberty and Safeco filed a Motion for Summary Judgment, asserting that Plaintiffs cannot prevail on claims of breach of contract and breach of the duty of good faith and fair dealing against them because they are not parties to the Policy and Plaintiffs cannot establish alter ego liability against them. [Doc. No. 33 at 9–19].

## III.    STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

Fed. R. Civ. P. 56(a). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (internal quotation marks and citation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). A dispute about a material fact is genuine if a rational trier of fact could find in favor of the nonmoving party on the evidence presented. *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 882 (10th Cir. 2018); *see also Anderson*, 477 U.S. at 248 (explaining a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

In applying this standard, the Court "review[s] the facts and all reasonable inferences those facts support[ ] in the light most favorable to the nonmoving party." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (second alteration in original) (quoting *Evans v. Sandy City*, 944 F.3d 847, 852 (10th Cir. 2019)). "While we view the record in the light most favorable to the party opposing summary judgment, 'the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'" *Phillips v. Calhoun*, 956 F.2d 949, 950 (10th Cir. 1992) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)). Ultimately, review of a district court's ruling on summary judgment is "from the perspective of the district court at the time it made its ruling, ordinarily limiting . . .

3

review to the materials adequately brought to the attention of the district court by the parties." *SEC v. GenAudio Inc.*, 32 F.4th 902, 920 (10th Cir. 2022) (citation omitted).

## IV.    ANALYSIS

Liberty and Safeco first argue that Plaintiffs cannot assert either a breach of contract or breach of the duty of good faith and fair dealing against them because they are not parties to the Policy. [Doc. No. 33 at 9–12]. Although Plaintiffs state that Liberty and Safeco are parties to the Policy, they do not proceed on a theory of direct liability in their Response but instead argue that Liberty and Safeco can be liable under alter ego liability. [Doc. No. 50 at 12–17].

### A.    The Court concludes Indiana law should apply to the issue of alter ego liability.

Liberty and Safeco assert that, pertaining to the issue of alter ego liability, the Court must engage in a conflict of laws analysis between Oklahoma and Indiana law. [Doc. No. 33 at 12–14]. Liberty and Safeco argue that Indiana law applies because that is the state of incorporation of AEIC. [*Id.* at 12]. Without devoting any analysis to the issue in their Response, Plaintiffs summarily urge the Court to apply Oklahoma law. [Doc. No. 50 at 12].[2]

---

[2] Without stating *why* the Court should apply Oklahoma law, Plaintiffs state as follows:

> Plaintiffs dispute the application of Indiana law and assert liability of Liberty Mutual and Safeco via Oklahoma's "special relationship" principle—a principle Defendants completely ignore in their Motion which holds than when an entity "engages in activities or conduct such that it may be found to be acting sufficiently like an insurer so that a special

4

When the Court's jurisdiction is based upon diversity, the Court applies the conflict of law analysis of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Under Oklahoma conflict of law analysis, the first step is to determine whether a conflict exists between the potentially applicable states' laws.

Indiana and Oklahoma law differ regarding when a party can pierce the corporate veil of another party. Liberty and Safeco outline the difference between Indiana's and Oklahoma's laws regarding alter ego liability in their Motion. [Doc. No. 33 at 14–16]. Under Oklahoma law, one entity may be held liable for the acts of another under the theory of alter ego liability if (1) the separate existence is a design or scheme to perpetuate a fraud, *or* (2) one corporation is merely an instrumentality or agent of the other. *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 2006 OK 58, ¶ 22, 152 P.3d 165, 175. Whereas under Indiana law, to pierce the corporate veil of one entity, a party must show both (1) "that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another" *and also* (2) "that the misuse of the corporate form would constitute a fraud or promote injustice." *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). Accordingly, under Oklahoma law, the party asserting alter ego liability only has to establish either ground, but Indiana law requires both grounds. Plaintiffs cite an additional difference between Oklahoma and Indiana law, which is that Oklahoma law allows an affiliate company to be liable for breach of an insurance policy in instances

---

relationship can be said to exist," that party is subject to the duty of good faith and fair dealing—and alter ego liability under Oklahoma law.

[Doc. No. 50 at 12].

where a "special relationship" exists between the insured and the affiliate entity. [Doc. No. 50 at 13 (citing *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 52, 121 P.3d 1080, 1101)].

Having established that a conflict exists regarding the test for alter ego liability under Oklahoma law versus the test under Indiana law, the Court turns to the second part of the inquiry—which state's law should apply. The Oklahoma Supreme Court has not addressed how to determine which state's law applies in an alter ego analysis, but other courts have predicted the Oklahoma Supreme Court would adopt the Restatement (Second) of Conflict of Laws approach. *See, e.g.*, *Clemmer v. D.C. Grp., Inc.*, No. CIV-13-1335-C, 2014 WL 1509274, at *3 (W.D. Okla. Apr. 16, 2014). Liberty and Safeco direct the Court to section 307 of the Restatement, which states that "[t]he local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts." Restatement (Second) of Conflict of Laws § 307 (1971). Under this section, the laws of AEIC's state of incorporation, Indiana, would apply. However, courts have recognized another section, section 302 of the Restatement, potentially applies to claims of alter ego liability. *Clemmer*, 2014 WL 1509274, at *3; *Bd. of Cnty. Comm'rs of Kay v. Freeport-Mcmoran Copper & Gold, Inc.*, No. CIV-12-601-C, 2013 WL 12093009, at *2 (W.D. Okla. Sept. 5, 2013). Section 302 states that "[i]ssues involving the rights and liabilities of a corporation . . . are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties . . . ." Restatement (Second) of Conflict of Laws

§ 302(1) (1971). It further provides that the law of the state of incorporation will apply "except in unusual circumstances" where "some other state has a more significant relationship to the occurrence and the parties[.]" *Id.* § 302(2). Neither party has provided analysis of which state's law would apply under section 302. Liberty and Safeco only discuss section 307, and Plaintiffs provide no choice of law analysis.

The Court concludes that, under either section 307 or 302, Indiana state law applies to the alter ego analysis. The plain language of section 307 dictates that Indiana law would apply, as the state of incorporation of AEIC. But the Court also concludes that section 302 supports the application of Indiana law. When examining which state has the most significant relationship with "the occurrence," the occurrence at issue is the allegation that AEIC, an Indiana corporation, is a mere instrumentality of Liberty and Safeco. Courts have determined that the state of incorporation of the corporation whose veil is sought to be pierced is the state with the most significant relationship to the occurrence under section 302. *See Clemmer*, 2014 WL 1509274, at *3; *Freeport-Mcmoran Copper & Gold, Inc.*, 2013 WL 12093009, at *2. The Court notes that, because Plaintiffs have declined to address choice of law in their Response, Plaintiffs do not assert Oklahoma is the state with the most significant relationship to the parties or the occurrence under section 302.

Other Oklahoma federal district courts have concluded that, guided by the Restatement (Second) of Conflict of Laws, the appropriate state's law to apply to pierce the corporate veil is the state of incorporation. *Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-0303-F, 2021 WL 3115393, at *5 (W.D. Okla. July 22, 2021) ("Oklahoma would apply

7

the law of the state in which the corporation in question is incorporated . . . to determine whether the corporate structure of [the defendant] should be disregarded."); *Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1184 (N.D. Okla. 2011) ("[T]his court concurs that Oklahoma courts would follow the Restatement (Second) of Conflict of Laws § 307, which provides that when a conflict of laws arises with regard to piercing the corporate veil, the law of the state of incorporation will be applied to determine whether piercing the corporate veil is appropriate."); *Tomlinson v. Combined Underwriters Life Ins. Co.*, No. 08-CV-259-TCK-FHM, 2009 WL 2601940, at *2 (N.D. Okla. Aug. 21, 2009) ("[T]he Court finds that the Oklahoma Supreme Court would follow § 307 in holding that the state of incorporation's law applies to issues of piercing the corporate veil.").

For the reasons outlined above, the Court concludes that Indiana law applies to the alter ego analysis because that is the state of incorporation of AEIC.

### B.    Applying Indiana law to Plaintiffs' theory of alter ego liability, the Court determines that Liberty and Safeco are entitled to summary judgment.

Having determined that Indiana law applies to Plaintiffs' theory of alter ego liability, under Indiana law, to succeed upon a claim of alter ego liability, a plaintiff must demonstrate (1) "that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another" and (2) "that the misuse of the corporate form would constitute a fraud or promote injustice." *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). Accordingly, for the Court to grant Liberty and Safeco summary judgment

8

on this issue, they must demonstrate the absence of a genuine issue of material fact regarding at least one of the requirements for alter ego liability.

Liberty and Safeco assert that they are entitled to judgment as a matter of law regarding alter ego liability because Plaintiffs have not alleged or presented summary judgment evidence that AEIC has misused the corporate form in a way that constitutes fraud or promotes injustice. [Doc. No. 33 at 17–19]. In Plaintiffs' Response, Plaintiffs present argument and summary judgment evidence exclusively to support their theory that Liberty and Safeco can be held liable for breach of contract and the duty of good faith and fair dealing because of their individual involvement in the handling of Plaintiffs' claim. [*See* Doc. No. 50 at 12–17]. Plaintiffs assert that Oklahoma law supports liability in such instances due to the "special relationship" between Liberty and Safeco and Plaintiffs. [*Id.*]. Plaintiffs do not present any argument or summary judgment evidence regarding alter ego liability under Indiana law in their Response and instead choose to proceed under Oklahoma law alone, specifically the "special relationship" theory. [*See id.*]. Plaintiffs submit summary judgment evidence regarding the first element of alter ego liability under Indiana law—that AEIC was a mere instrumentality of Liberty and Safeco. [*See id.* ¶¶ 2–15]. However, due to Plaintiffs' failure to address alter ego liability under Indiana law, Plaintiffs do not present summary judgment evidence that Liberty's and Safeco's misuse of the corporate form of AEIC would constitute a fraud or promote an injustice, like evidence that Liberty and Safeco were using AEIC to shield themselves from liability. *See Canal Ins. Co.*, 822 F. Supp. 2d at 1187.

Accordingly, the Court concludes that no genuine issue of material fact exists regarding this issue and that Liberty and Safeco are entitled to judgment as a matter of law regarding their alter ego liability. Because Plaintiffs appear to be pursuing liability against Liberty and Safeco based on alter ego liability alone, the Court's grant of summary judgment in Liberty's and Safeco's favor disposes of all claims against them.

## V.    CONCLUSION

For the reasons outlined above, the Court GRANTS Liberty and Safeco's Motion for Summary Judgment regarding Plaintiffs' claims for breach of contract and breach of duty of good faith and fair dealing.

IT IS SO ORDERED this 30th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

10